FILED

OCT 18 2010

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

CATALINA DAVILA,

       Plaintiff,

vs.

**ROBINSON, REAGAN & YOUNG, PLLC**

       Defendant.

Case No. 3:10-CV-442

Jordan | Guyton

---

## COMPLAINT SEEKING DAMAGES FOR DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, BANKRUPTCY AUTOMATIC STAY, AND BANKRUPTCY DISCHARGE INJUNCTION

---

### INTRODUCTION

1.     This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with their efforts to collect a debt discharged in the Plaintiff's bankruptcy. Defendant's conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. Plaintiff seeks monetary, declaratory and injunctive relief based on violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq; the bankruptcy automatic stay, 11 U.S.C. § 362(a); and the bankruptcy discharge injunction, 11 U.S.C. § 524.

2.     This action is also filed to enforce the Order of Discharge previously entered by the United States Bankruptcy Court for the Eastern District of Tennessee entered in Plaintiff's bankruptcy case.

1

## SUBJECT MATTER JURISDICTION

3.     Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d), 28 U.S.C. § 1331 (federal question jurisdiction).

4.     It is acknowledged by Plaintiff that the Order entered by the Judges of the United

States District Court for the Eastern District of Tennessee on July 13, 1984 (the Referral Order),

which was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act

of 1984, refers proceedings arising in or related to a case under title 11 are referred to the

bankruptcy judge for this district, but Plaintiff also contends that this Court has both personal and

subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United

States Code and Plaintiff has elected to consolidate all causes of action into one Complaint in

respect of and conservation of judicial resources.

5.     This Court also has jurisdiction to hear the Fair Debt Collection Practices Act

violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject

matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

6.     Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United

States Code.

## PARTIES AND PERSONAL JURISDICTION

7.     Plaintiff is resident of this State, District and Division, who is authorized by law

to bring this action, and is a "consumer" or a "person" affected by a violation of the FDCPA, as

those terms are defined by 15 U.S.C. § 1692a(3) and 1692k.

2

8.     Defendant, Robinson, Reagan & Young, PLLC is a Limited Liability Company organized under the laws of the State of Tennessee, (Hereinafter said Defendant is referred to as "Robinson".)

9.     Robinson is subject to the jurisdiction and venue of this Court.

10.     Robinson may be served by personal service upon its registered agent, to wit: Robinson, Reagan & Young, PLLC c/o Worrick G. Robinson IV, 260 Cumberland Bend Drive, Nashville, TN 37728.

11.     Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

12.     On March 31, 2010, the Plaintiff sought protection from her creditors by filing a voluntary chapter 7 bankruptcy petition (case number 10 BK 31599) in the United States Bankruptcy Court for the Eastern District of Tennessee at Knoxville.

13.     In the schedules filed with the petition in her bankruptcy case and on the master mailing matrix filed with the Clerk of the Bankruptcy Court, an unsecured debt was listed in favor of Robinson, Reagan, & Young, PLLC ("Robinson") for the collection of a Comcast Cable bill in the amount of $734.00. (see attached Exhibit 1)

14.     Upon the Plaintiff's filing for Chapter 7 protection, the Bankruptcy Court notified Robinson along with the other creditors through the Bankruptcy Court Clerk.

15.     The 341(a) meeting of creditors was held in Knoxville, Tennessee on May 3, 2010.

3

16.     In direct disregard of the automatic stay, Robinson sent a demand for payment letter addressed directly to Plaintiff seeking payment of $734.09 for the Comcast Cable bill on May 20, 2010. (see attached Exhibit 2)

17.     In response to Robinson's May 20, 2010 demand letter, Plaintiff's attorney mailed to Robinson a letter on June 8, 2010, reiterating that the automatic stay was in effect and asserting that Robinson must cease all collection efforts from Plaintiff. This letter requested that all future communications be remitted to Plaintiff's attorney. (see attached Exhibit 3)

18.     Subsequent to receiving the demand for payment identified above, Plaintiff was again contacted by Robinson by telephone on May 27, 2010.

19.     On July 8, 2010, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiff asserts that this Discharge included the debt to Robinson and/or Comcast Cable. (see attached Exhibit 4)

20.     On July 12, 2010, Robinson again called Plaintiff to collect on the debt which was included in and discharged through Plaintiff's Chapter 7 bankruptcy case.

21.     During the July 12, 2010 telephone call, Robinson, via its employee named Velma, left a voice message on the Plaintiff's answering machine.

22.     In the message Velma directs Plaintiff to call her back at the telephone number of 1-800-292-8407 extension 2312.

23.     Plaintiff is informed, and therefore asserts, that the telephone number 1-800-292-8407 is a telephone number of Robinson, or was an active telephone number for Robinson on July 12, 2010.

4

24.     The message never stated that Velma was calling from a debt collection company in violation of 15 U.S.C. Section 1692e(11).

25.     The message failed to state that any information obtained would be used for the purpose of collecting a debt in violation of 15 U.S.C. Section 1692e(11).

26.     In the message, Velma failed to state that she was calling to confirm or correct location information.

27.     The message was heard by parties other than the Plaintiff, in violation of 15 U.S.C. Section 1692c(b).

28.     Robinson uses mail in its business.

29.     Robinson uses telephone communications in its business.

30.     The primary purpose of Robinson's business is the collection of debts.

31.     Robinson regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

32.     Robinson is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

33.     The actions of Robinson, as alleged herein, are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.

34.     The actions of Robinson as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 362 of Title 11 of the United States Code.

35.     The actions of Robinson as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

5

36.     Plaintiff has complied with all conditions precedent to bring this action.

37.     Robinson has failed to implement any effective policy to assure that its collection personnel comply with the automatic stay.

38.     Robinson has failed to implement any effective policy to assure that its collection personnel comply with the discharge injunction.

39.     Robinson has failed to implement any effective procedures to eliminate the improper contacts with consumer debtors who are involved or have been involved in bankruptcy proceedings.

40.     Robinson has failed to implement any effective procedures to insure that no effort will be made to contact consumer debtors who are represented by attorneys.

41.     Robinson has essentially granted to themselves a license to push the boundaries of responsible business practices beyond their furthest limits, fully aware that relatively few, if any, consumer debtors will be able to seek appropriate legal remedies.  The Plaintiff therefore alleges that these grossly negligent and intentional acts of misconduct violate fundamental notions of fairness and are procedurally and substantively unconscionable.

42.     Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the actions of Robinson.

## CAUSES OF ACTION

## FIRST CLAIM - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

43.     The allegations of paragraphs 1-42 above are realleged and incorporated herein by reference.

6

44.     The foregoing acts and omissions of Robinson constitute violations of the Fair Debt Collection Practices Act.  Specifically, Robinson violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods in the collection of debts.

45.     Robinson has, on multiple occasions, communicated with Plaintiff after her bankruptcy case was filed and thus is collecting on a debt when collection of said debt was not permitted by law.

46.     Robinson even contacted Plaintiff after the discharge order had been entered by the bankruptcy court, thereby collecting an amount of debt that was not permitted by law.

47.     As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $1,000.00 and legal fees pursuant to 11 U.S.C. § 1692k.

## SECOND CLAIM – ADDITIONAL VIOLATION OF THE FDCPA

48.     The allegations in paragraphs 1-47 of this complaint are realleged and incorporated herein by this reference.

49.     The foregoing acts and omissions of Robinson constitute violations of the Fair Debt Collection Practices Act.  Specifically, Robinson violated 15 U.S.C. Section 1692c(a)(2) in contacting the Plaintiff when the Defendants knew the debtor was represented by an attorney.

50.     Robinson was notified by the bankruptcy court clerk that Plaintiff had filed bankruptcy and was represented by an attorney.

51.     Robinson was again notified of Brackett & Strunk, PLLC's representation of Plaintiff through the June 8, 2010 letter from Brackett & Strunk, PLLC.

52. Robinson therefore continued to communicate directly to Plaintiff after multiple notifications that Plaintiff was represented by counsel.

53. Robinson's violations also include, but are not limited to, engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

54. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

## THIRD CLAIM – ADDITIONAL VIOLATION OF THE FDCPA

55. The allegations of paragraphs 1-54 above are realleged and incorporated herein by reference.

56. The foregoing acts and omissions of Robinson constitute violations of the Fair Debt Collection Practices Act

57. The FDCPA violations related to Robinson's telephone calls to Plaintiff include, but are not limited to, the following:

> a. The placement of telephone calls without meaningful disclosure of the caller's identity are in direct violation of 15 U.S.C. § 1692d(6);
>
> b. The failure to disclose in subsequent communications that the communication is an attempt to collect a debt and any information will be used for that purpose is in violation of 15 U.S.C. § 1692e(11); and
>
> c. The disclosure of Plaintiff's debt to a third party is in violation of 15 U.S.C. § 1692c(b).

8

58.     As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

## FOURTH CLAIM – WILLFUL VIOLATION OF THE AUTOMATIC STAY

59.     The allegations of paragraphs 1-58 above are realleged and incorporated herein by reference.

60.     Robinson is a sophisticated creditor who actively participates in numerous bankruptcy proceedings each month. Therefore, they are certainly aware of the most basic bankruptcy provisions, especially the automatic stay.

61.     Plaintiff has experienced a great amount of stress and considerable emotional anguish due to Robinson's continued collection efforts.

62.     Sanctions can be imposed by way of motion pursuant to *In re Timbs,* 178 B.R. 989, 994 (E.D. Tenn. 1994).

63.     The Bankruptcy Court discusses intent in relation to an automatic stay violation:

> A specific intent to violate the stay is not required, or even an awareness by the creditor that her conduct violates the stay. It is sufficient that the creditor knows of the bankruptcy and engages in deliberate conduct that, it so happens, is a violation of the stay. *Moreover, where there is actual notice of the bankruptcy it must be presumed that the violation was deliberate or intentional. Satisfying these requirements itself creates strict liability. There is nothing more to prove except damages.*

*In re Davison*, 2008 WL 471678, at *5 (quoting *In re Printup*, 264 B.R. 169, 173(Bankr. E.D. Tenn. 2003)) (quoting *In re Daniels*, 206 B.R. 444, 445 (Bankr. E.D. Mich. 1997) (emphasis added)).

64.     When the court has determined that a willful violation occurred, section 362(k)(1)

9

mandates that the debtor "shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, [a debtor] may recover punitive damages." 11 U.S.C. § 362(k)(1).

65.     Plaintiff asserts that Robinson's attempt to collect on a debt after notification of Plaintiff's bankruptcy filing by the bankruptcy court clerk is a clear and blatant violation of 11 U.S.C. §362(a)(6) and she hereby requests sanctions be imposed.

66.     Plaintiff further asserts that Robinson's continuation of collection attempts after notification of the automatic stay by the bankruptcy clerk and additional notification by Plaintiff's counsel shows a willful violation of the automatic stay pursuant to 11 U.S.C. §362(k)(1), and thus Plaintiff shall recover actual damages including costs and attorney fees.

67.     Since there were multiple violations by Robinson after multiple notifications of the automatic stay, Plaintiff also requests that punitive damages be awarded in this case.

## FIFTH CLAIM – WILLFUL VIOLATION OF DISCHARGE INJUNCTION

68.     The allegations of paragraphs 1-67 above are realleged and incorporated herein by reference.

69.     The actions of Robinson in this case, in seeking to collect payment on a discharged debt are in violation of the discharge injunction entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of bankruptcy court orders.

70.     The conduct of Robinson in this case has substantially frustrated the discharge order entered by the bankruptcy court and has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

71.     In order to carry out the provision of the Bankruptcy Code and to maintain its

10

integrity this Court must impose actual damages, punitive damages, and legal fees against Robinson pursuant to the provisions of Section 105 of the Code.

72.     In order to protect debtors who have completed a chapter 7 case and secured a full discharge thereunder this Court must impose sanctions against Robinson for their misconduct in this case.

73.     As a result of Robinson's violation of 11 U.S.C. § 524, Robinson is liable to the Plaintiff for actual damages, punitive damages, and legal fees under Section 105 of Title 11 of the United States Code.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant, she respectfully prays of the Court as follows:

a)     That Plaintiff be awarded statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

b)     That Plaintiff be awarded the costs of litigation, including a reasonable attorney fee, pursuant to 15 U.S.C. §1692k(a)(3);

c)     That Defendant be found to have violated the Automatic Stay and due to said violation it be required to pay damages to Plaintiff and to reimburse Plaintiff for reasonable expenses, including reasonable attorney fees, for bringing this action before the Court.

d)     That Defendant be found to have violated the Discharge Injunction and due to said violation it be required to pay damages to Plaintiff and to reimburse Plaintiff for reasonable

11

expenses, including reasonable attorney fees, for bringing this action before the Court.

e)     That the Court impose sanctions against Defendant for actual and punitive

damages in the amount of $15,000.00, or whatever other amount it feels is appropriate, pursuant

to 11 U.S.C. §362(k)(1) because of Defendant's continued violation of Plaintiff's automatic stay

rights pursuant to 11 U.S.C. §362(a)(6).

f)     That the Court declare all defenses raised by Defendant to be insufficient; and

g)     That the Plaintiff have such other and further relief as the Court may deem just

and proper.

Dated this the 18th day of October, 2010.

Justin A. Brackett
Brackett & Strunk, PLLC
Attorney for the Plaintiff
TN State Bar No. 024326
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
Phone (865)688-0868
Fax (865)688-2950
e-mail: consumerbk@comcast.net